**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**CHRISTOPHER JAY BONEWELL,**

                **Plaintiff,**

      v.                            **CASE NO. 22-3052-SAC**

**EL DORADO CORRECTIONAL FACILITY,**

                **Defendant.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a prisoner in state custody, proceeds pro se. His fee status is pending.

**Nature of the Complaint**

Plaintiff alleges that he contracted COVID following his placement in a cell at the El Dorado Correctional Facility (EDCF). He names the EDCF as the sole defendant and seeks damages.

**Screening**

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S.

89, 94 (2007).

"To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim

for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, 550 U.S. at 1974).

## Discussion

The court has reviewed the complaint and, for the following reasons, will direct plaintiff to show cause why this matter should not be dismissed.

First, "[t]o state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)(citations omitted). The sole defendant named in this action, the EDCF, is not a "person" within the meaning of 42 U.S.C. § 1983 and cannot be sued for damages. *Buchanan v. Oklahoma*, 398 F. App'x 339, 342 (10th Cir. 2010) ("State-operated detention facilities ... are not 'persons' ... under § 1983"). Accordingly, plaintiff must amend the complaint to identify an individual person or persons whose acts or omissions violated his constitutional rights.

Next, the complaint identifies only "injury" as the basis for plaintiff's claim. As explained, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative

level." *Twombly*, 127 S. Ct. at 1965. Plaintiff's bare allegation of injury does not state a constitutional claim, and plaintiff must provide some explanation of how he believes his constitutional rights were violated and what each individual defendant did, or failed to do, that resulted in that violation. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (it is "particularly important" that a complaint "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her").

Accordingly, plaintiff is directed to show cause why this matter should not be dismissed. Plaintiff also is granted the opportunity to file an amended complaint that cures the defects identified in this order. The amended complaint must be submitted upon court-approved forms. Plaintiff may not simply refer to an earlier pleading; instead, the complaint must contain all allegations and claims that plaintiff intends to present in the action, including those to be retained from the original complaint. Plaintiff must include the case number of this action on the first page of the amended complaint.

Plaintiff must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff must refer to each defendant in the body of the complaint and must allege specific facts that the describe the allegedly unconstitutional acts or omissions by each defendant, including dates, locations, and circumstances.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before **April 25, 2022**, plaintiff shall show cause why this matter should not be dismissed for the reasons discussed herein and shall submit an amended complaint. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

IT IS FURTHER ORDERED the clerk of the court shall transmit the appropriate forms to plaintiff.

**IT IS SO ORDERED.**

DATED:  This 24th day of March, 2022, at Topeka, Kansas.

>S/ Sam A Crow
>SAM A. CROW
>U.S. Senior District Judge